# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**GAIL WILLIAMS**                                                                       **PLAINTIFF**

**v.**                                       **CIVIL CASE 1:17-CV-116-HSO-JCG**

**BONNIE RENE WILLIAMS and**
**JIMMY ODEL WILLIAMS**                                      **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte* for recommendation of dismissal. Plaintiff filed this lawsuit on April 20, 2017. (ECF No. 1). On April 28, 2017, Plaintiff was granted leave to proceed *in forma pauperis* ("IFP"), but service of process was withheld pending preliminary screening under 28 U.S.C. § 1915(e)(2). (ECF No. 4). Because Plaintiff initially indicated that her address of record was out of state in Fort Walton Beach, Florida, the Court attempted to screen Plaintiff's claims via a questionnaire. (ECF No. 6). However, Plaintiff's responses did not adequately clarify the issues, and Plaintiff then removed her address of record from the docket without providing a new address. *See* (ECF No. 9); (ECF No. 8). On May 12, 2017, the Court then ordered Plaintiff to provide the Court with an updated address of record. (ECF No. 12). On June 1, 2017, Plaintiff noticed her address of record as P.O. Box 226, Biloxi, MS 39533, indicating that she was presently located within the Southern District of Mississippi. (ECF No. 14).

Accordingly, the Court set a screening hearing for July 5, 2017 (ECF No. 15). The order setting the hearing was mailed to Plaintiff via certified mail, return

receipt requested. The Court received acknowledgement of receipt (albeit to a post office box address) on June 23, 2017. (ECF No. 16). On July 5, 2017, Plaintiff failed to appear for the duly noticed screening hearing. The Court issued an Order to Show Cause later the same day, which ordered Plaintiff "to file a response in writing on or before July 19, 2017, showing cause why her (1) failure to appear at the screening hearing and (2) failure to abide by the Court's numerous Orders requiring her to keep the Court apprised of her current address should not result in dismissal of this suit for failure to prosecute." (ECF No. 17, at 1). The Order "specifically warned Plaintiff that failure to comply with this Order by timely filing a written response will result in an immediate recommendation to the District Judge that this case be dismissed…." *Id.* As of today's date, Plaintiff has yet to respond to the Order to Show Cause. It is apparent that Plaintiff lacks interest in pursuing this suit.

The Court has authority to dismiss an action for a plaintiff's failure to prosecute, both pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30.

It is the recommendation of the undersigned that this case should be dismissed without prejudice for Plaintiff's failure to obey Orders of the Court and failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which she objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which she did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

The Clerk of Court is Ordered to send this Report and Recommendation to Plaintiff Gail Williams' address of record via certified mail.

**SIGNED,** this the 3rd day of August, 2017.

                          *s/ John C. Gargiulo*
                          JOHN C. GARGIULO
                          UNITED STATES MAGISTRATE JUDGE